J-S74009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRENCE FULLER | : | |
| | : | |
| Appellant | : | No. 650 EDA 2017 |

Appeal from the Judgment of Sentence January 19, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s): CP-46-CR-0004317-2011

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

JUDGMENT ORDER BY BOWES, J.: **FILED JANUARY 17, 2018**

Terrence Fuller appeals from the judgment of sentence of one to four years imprisonment entered on January 19, 2017, imposed after the trial court found him in violation of probation.[1] We affirm.

---

[1] Following receipt of Appellant's notice of appeal, which was purportedly taken from his judgment of sentence entered on December 29, 2015, we issued a rule to show cause as to why this matter should not be quashed as untimely since Appellant's notice of appeal, filed on February 14, 2017, was filed more than two years after his sentence was imposed. Appellant was represented by counsel at the time of filing. Counsel responded that the procedural miscue was due to a clerk's error, and that notice of appeal was properly taken from Appellant's judgment of sentence imposed on January 19, 2017. We discharged the rule to show cause for consideration of the issue herein.

Subsequently, following a remand and a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), Appellant was permitted to proceed *pro se*. As the procedural error resulted from prior counsel's failure to adequately supervise his staff, at no fault of Appellant,
*(Footnote Continued Next Page)*

On December 29, 2015, Appellant was sentenced to two to four-and-one-half years imprisonment, followed by four-and-one-half years probation, imposed after he was convicted of four counts of possession of a controlled substance, three counts of criminal use of a communication facility, and four counts of possession with intent to deliver. On May 1, 2016, while on probation for the above-delineated offenses, Appellant was arrested after he was found to be in possession of crack cocaine, powder cocaine, and heroin. Appellant sought suppression of the evidence obtained during this arrest, which the trial court denied following a hearing. At trial, Appellant was found guilty of possession with intent to deliver, and other related offenses. Thereafter, Appellant filed a notice of appeal to this Court. *See Commonwealth v. Fuller*, 484 EDA 2017 (Pa.Super. 2017, filed December 19, 2017).

That second conviction served as the basis of the violation of probation proceedings underlying the instant appeal. On January 19, 2017, the trial court held a joint *Gagnon I*, *Gagnon II*, and sentencing hearing.[2] The court found Appellant in technical violation of his probation, revoked his probation, and imposed a sentence of one to four years imprisonment. As

_(Footnote Continued)_ ————————————

and Appellant's claimed error clearly arose from the January 19, 2017 judgment of sentence, we will consider his notice of appeal as timely filed.

[2] During the hearing, Appellant waived his right to a *Gagnon I* hearing, and stipulated to being in violation of the terms of his probation during the *Gagnon II* hearing. N.T. Hearing, 1/19/17, at 9.

indicated above, Appellant filed a timely notice of appeal. He complied with the trial court's order to file a Rule 1925(b) concise statement of matters complained of on appeal. The court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant raises a single issue for our consideration: "If the appeal indexed at 3819-2016 (484 EDA 2017) is reversed, should the probation violation be reversed?" Appellant's brief at 4.

At the outset, we note that this Court affirmed Appellant's judgment of sentence related to the convictions that served as the basis for his violation of probation proceedings. **Fuller**, **supra.** Since the instant appeal is premised upon a reversal at that docket number, there is no basis upon which we can grant Appellant relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/17